*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BOBBY JOE ZOLLMAN,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2026
2:12 PM

No. 374525
Otsego Circuit Court
LC No. 2024-006729-FC

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant, Bobby Joe Zollman, claims his above-guidelines sentence for robbing a bank is unreasonable and lacks adequate justification. We disagree and affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2024, defendant walked into a bank and, after making various innocuous but suspicious requests to a bank teller, slipped the teller a note demanding money and claiming he had a gun. Then he told the teller, "give me the money in your drawer or I'm about to go crazy in this place!" The teller complied. Defendant departed with cash, and a customer observed him leaving the scene in a taxi as a passenger. Law enforcement officials later apprehended defendant without incident in that same taxi. Although he concedes that he "represent[ed] or otherwise ma[d]e one of the tellers fear" suffering "some type of physical harm" if he did not receive the money he demanded, he maintains he did not actually have a gun during the incident, and no proof concerning his possession was offered below.

Defendant ultimately pleaded guilty to one count of bank robbery, MCL 750.531. The sentencing guidelines recommended a minimum sentence of 5 to 17 months, but the trial court felt that range did not adequately capture the seriousness of the offense or accomplish the goals of sentencing. The court thus departed upward and imposed a 38-month minimum sentence. On leave granted, defendant appeals.

## II. ANALYSIS

We review sentences that depart from the applicable guidelines range for reasonableness, under an abuse-of-discretion standard. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). A trial court imposes an unreasonable sentence, and thus abuses its discretion, if it violates the "principle of proportionality." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citation omitted). That principle requires sentences be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 459-460 (quotation marks and citation omitted). "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022), citing *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972) (citation omitted). Although advisory, the sentencing guidelines are "a highly relevant consideration in a trial court's exercise of sentencing discretion," and courts must therefore consult and take them into account. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015).

Several additional factors are relevant to determining whether a departure sentence, specifically, is more proportionate than a within-guidelines sentence, including: "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted). "When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. (quotation marks and citations omitted).

Against this backdrop, defendant first claims the trial court violated the principle of proportionality by departing from the recommended guidelines' range on the basis of circumstances for which the guidelines—and more specifically, offense variable (OV) 9—already account. He presses this argument because he did not actually have a gun, there was no indication the taxi driver knew what was happening, and no high-speed chase resulted from his actions, and thus asserts the trial court abused its discretion by relying on facts not in the record that OV 9 failed to adequately address those he placed in danger. We disagree.

OV 9 considers the number of victims of an offense, MCL 777.39(1), which includes as a victim "each person who was placed in danger of physical injury or loss of life," MCL 777.39(2)(a). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice . . . ." *People v Teike*, 348 Mich App 520, 528; 19 NW3d 733 (2023) (quotation marks and citation omitted). Here, the presentence investigation report recommended the trial court assess zero points for OV 9, which is appropriate when a defendant's conduct places less than two victims "in danger of physical injury or death." MCL 777.39(1)(d). Neither defendant nor the prosecution challenged that recommended score. The trial court likewise found the score appropriate but, considering the number of people defendant *could have* endangered, concluded it inadequately accounted for the seriousness of his conduct. That is, by robbing a bank while falsely claiming to have a gun, defendant did not place the people in the bank, the taxi driver, or nearby members of the public in actual danger of a physical injury or loss of life. He did, however, create the risk that they would

become involved in the type of "immediate and very substantial and serious" law-enforcement response often accompanying such a threat, which "in and of itself puts people in danger." And if each person he placed in a potentially physically threatening situation were considered for purposes of OV 9, defendant's recommended sentence would have been 19 to 38 months' imprisonment, a range the court found more appropriate.

We see no abuse of discretion in the trial court's reasoning. Indeed, "whether the guidelines accurately reflect the seriousness of the crime" is a relevant consideration when determining the respective proportionality of a within-guidelines versus a departure sentence. *Dixon-Bey*, 321 Mich App at 525 (citations omitted). And while defendant's zero-point score for OV 9 may have reflected the number of people his actions actually placed in "danger of physical injury or loss of life," MCL 777.39(2)(a), or "a close proximity to a physically threatening situation," *Teike*, 348 Mich App at 528, because he lied about having a gun, that does not mean it accurately reflected the inherently dangerous nature (and thus the seriousness) of robbing a bank using the threat (even falsely) of a mass shooting.

Defendant next argues the trial court's other stated reason for departing from the guidelines—i.e., to better accomplish the sentencing goals of punishment and deterrence—failed to justify the departure sentence imposed. In his view, the trial court "examined the four goals of sentencing" but failed to "explain the extent of the departure sentence" or the reasons such sentence was more proportionate, apart from its erroneous addition of points to OV 9. The record, however, belies these claims.

In imposing the sentence, the trial court explained that a departure sentence was more proportionate to both better account for the potential danger defendant's actions posed to others and more adequately serve the sentencing goals of punishment and deterrence. More specifically, as to the 12-month, within-guidelines sentence the Michigan Department of Corrections recommended, the trial court stated:

> It certainly to me doesn't provide any kind of deterrence. If people think that they can rob a bank and do 12 months in the county jail to me that does not accomplish the goal in deterring someone. And it certainly . . . doesn't accomplish the goal of punishment and provide an adequate consequence to [defendant] for [his] behavior in this case.

The court found instead that a 19- to 38-month sentence "would more adequately address the goals of sentencing, in particular deterrence and punishment."

While we are sympathetic to defendant's claims that more lenient sentencing and the provision of resources would have better addressed the desperate circumstances that he asserts led him to commit the bank robbery, he provides nothing more than a cursory citation to an apparent published report to support the proposition that his personal circumstances rendered the departure

sentence less adequate to satisfy the goals of sentencing than a within-guidelines sentence.[1]  See *People v Kroll*, 341 Mich App 217, 236 n 15; 989 NW2d 822 (2022) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted).

Finally, defendant argues that his sentence is unreasonable because it is disproportionate to his personal circumstances and those surrounding the offense.  In addition to repeating arguments that we have already found meritless, defendant claims—again without supporting authority—that the sentencing guidelines do not "carry their regular relevance" in this case, "were of little use to the trial court," and are "entitled to little weight" because they do not account for defendant's mitigating circumstances.  Namely, that defendant had a difficult upbringing; had a 17-year gap in his criminal record; and only committed the bank robbery out of desperation because he faced homelessness.  The trial court, he insists, failed to consider these mitigating circumstances "and other individualized sentencing considerations" when it imposed the departure sentence, rendering that sentence disproportionate.  We cannot agree.

Although "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing," *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019), the trial court did so here.  Before imposing defendant's sentence, the trial court acknowledged that it considered "the facts of this particular case" and defendant's "personal history and background," as detailed in the presentence investigation report and emphasized by defense counsel at the sentencing hearing.  And the court expressly stated that it did not find defendant's criminal history compelling; instead, his ability "to conform to the requirements of society," work, and support himself "over a sustained period of time" constituted a "mitigating factor."  Contrary to defendant's assertions, then, the trial court considered the particular circumstances of the offense and of defendant's history, the latter of which it deemed mitigating.  We again see no abuse of discretion in its ultimate determination that a departure sentence was nonetheless appropriate given the seriousness of his offense.

## III.  CONCLUSION

For these reasons, we affirm defendant's sentence.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica

---

[1] Although we take no position on the propriety of defendant's argument given his failure to substantively brief this point, we note this Court has already rejected a defendant's similar reliance on the same article—Council on Criminal Justice: Task Force on Long Sentences, *The Impact of Long Sentences on Public Safety: a Complex Relationshi*p, November 2022—as unpersuasive, albeit in an unpublished decision.  See *People v Dupree*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2025 (Docket No. 369737), p 4 & n 2.